GIL SHAW
Attorney & Counselor at Law
105 South Cortez
Second Floor
Prescott, Arizona 86303
928-443-9600
gshaw@peoplesrightslaw.com

Gil Shaw, SBN 009290
Attorney for Plaintiffs

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| ALEJANDRO GOMEZ, JOSE V. ROMAN, RAFAEL PEREZ LARA, JIM CARDIEL, individuals<br>Plaintiffs,<br>Vs.<br><br>CREATIVE OUTDOOR, LLC,<br>Defendants. | Case No. 3:10-cv-8028<br><br>**COMPLAINT**<br><br>**JURY DEMAND: Plaintiff demands a trial by jury** |
|---|---|

Plaintiffs allege:

1. Plaintiffs at all times relevant to this complaint were residents of Yavapai County, Arizona.

2. Defendant Creative Outdoor, LLC is an Arizona corporation, doing business in the City of Prescott, Yavapai County, Arizona and out of state.

3. At all times material hereto, defendant Creative Outdoors was an "employer" as defined in 29 U.S.C. § 203(d), who employed Plaintiffs.

4. The Court has federal question jurisdiction pursuant to 28 U.S.C. §1331. This action arises, *inter alia,* under the Fair Labor Standards Act of 1938, as amended (29 U.S.C.§201 *et seq*.), [FLSA]. This Court also has supplemental jurisdiction on state law claims pursuant to 28 U.S.C. § 1367. Any and all acts alleged herein arose in Yavapai County, Arizona.

5. Plaintiffs Alejandro Gomez, Jose V. Roman, Rafael Perez Lara, Jim Cardiel were employed by Creative Outdoor, LLC an Arizona Limited Liability Company from February, 2007 through July, 2009 as a labor workers.

6. During the course of this employment, plaintiffs became aware of a shortage of hours worked weekly and unpaid wages and unpaid overtime hours in an amount to be discovered and calculated at trial.

7. Plaintiffs were required to go to different job sites located out of state. Plaintiffs were required to provide transportation and pay for gas expenses. Defendant failed to refund plaintiffs for most if not all gas expenses and pay plaintiffs for travel time for return trips on out of state job sites.

8. Throughout their tenure at Creative Outdoor, Plaintiffs were regularly and continually required to work in excess of 40 hours a week without being paid overtime wages in accordance with the FLSA.

## COUNT ONE

## UNPAID WAGES

9. Plaintiffs re-allege all previous allegations as if fully set forth herein.

10. From the beginning of Plaintiffs' employment through their last day of work, defendant was not paying the Plaintiffs for all hours worked.

11. Defendant failed to pay plaintiffs the correct amount of wages for the total hours worked each week for over two years.

12. Pursuant to A.R.S. § 23-305 , Plaintiffs are entitled to be paid for the work they performed, including all travel time directly associated with their work for the Defendant.

13. Defendant, without a good faith dispute failed to pay Plaintiffs their full wages as required by A.R.S, §23-353.

14. Plaintiff is entitled to treble damages in amounts to be determined at trial pursuant to A.R.S. §23-350.

15. This matter arises out of express or implied contract and Plaintiffs are entitled to an award of reasonable attorney's fees pursuant to A.R.S. §12-341.01.

**As to Count One, Plaintiffs ask for the following relief:**

A. For compensatory damages in amounts to be proven at trial;

B. For any compensatory damages to be trebled in accordance with A.R.S. § 23-350.

C. For pre and post judgment interest according to law;

D. For attorney fees and costs of suit in accordance with law;

E. For such other relief as the court deems just and equitable under the circumstances.

**COUNT TWO**
**FAIR LABOR STANDARDS ACT CLAIM**
**FOR OVERTIME PAY**

16. Plaintiffs re-allege all previous allegations as if fully set forth herein.

17. Throughout the duration of their employment, Plaintiffs were non-exempt employees pursuant to the FLSA, who worked hours in excess of 40 hours in a week.

18. Throughout the term of Plaintiffs' employment, and at least for a period of at least two years, defendant willfully violated the provisions of Section 7 of the FLSA (29 U.S.C. § 207) by failing to pay overtime wages to the Plaintiffs for hours worked in excess of 40 hours in a week for each of the weeks worked by the Plaintiffs.

19. In accordance with the FLSA, Plaintiffs, upon information and belief are entitled to unpaid overtime wages in an amount to be discovered and calculated at trial, according to proof.

20. By reason of the willful violations alleged herein, pursuant to Section 16(c) of the FLSA (29 U.S.C. § 216(c)), Defendant has also become liable to plaintiffs for liquidated damages in an amount equal to the amount of unpaid overtime compensation found by the Court.

21. Plaintiffs are entitled to their attorneys' fees and costs in accordance with law, including but not limited to 29 U.S.C. § 216(b).

**As to Count Two, Plaintiffs ask for the following relief:**

A. That this Court award Plaintiffs their back pay for unpaid overtime wages and liquidated damages under the FLSA against defendant in amounts calculated at trial according to proof;

B. That this Court award Plaintiffs their court costs and reasonable attorneys' fees herein incurred, pursuant to the FLSA;

C. That this Court award pre-judgment and post-judgment interest on the amounts set forth in paragraphs "A" and "B" above, at the highest rate permitted by law.

D. That this Court grants such other and further relief as this Court may deem just and proper.

Dated this ____ day of February, 2010.

GIL SHAW, ATTORNEY & COUNSELOR AT LAW

By: _____
Gil Shaw, Attorney for the Plaintiffs

GIL SHAW, ATTORNEY & COUNSELOR AT LAW
105 SOUTH CORTEZ, SECOND FLOOR
PRESCOTT, ARIZONA 86303
928-443-9600

**VERIFICATION**

I, Alejandro Gomez, the Plaintiff in this complaint, do state under penalty of perjury, that I have read the allegations as stated in the complaint and believe them to be true and accurate to the best of my knowledge and belief.

Dated this 25th day of September, 2009

*s/Alejandro Gomez*
Alejandro Gomez

I, Rafael Perez Lara, the Plaintiff in this complaint, do state under penalty of perjury, that I have read the allegations as stated in the complaint and believe them to be true and accurate to the best of my knowledge and belief.

Dated this 25th day of September, 2009

*s/Rafael Perez Lara*
Rafael Perez Lara

I, José V. Román, the Plaintiff in this complaint, do state under penalty of perjury, that I have read the allegations as stated in the complaint and believe them to be true and accurate to the best of my knowledge and belief.

Dated this 25th day of September, 2009

*s/José V. Román*
José V. Román

//
//

I, Jim Cardiel, the Plaintiff in this complaint, do state under penalty of perjury, that I have read the allegations as stated in the complaint and believe them to be true and accurate to the best of my knowledge and belief.

Dated this 25th day of September, 2009

*s/Jim Cardiel*

Jim Cardiel